# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS THE DISTRICT COURTS, AND THE COMMERCE COURT

---

HULL et al. v. BURR et al.

(Circuit Court of Appeals, First Circuit. June 25, 1913.)

No. 1,015.

COURTS (§ 508*)—RESTRAINING SUIT IN STATE COURT—FRAUD.

> Where trustees in bankruptcy were appointed for a corporation doing business in Florida, and such trustees instituted a suit in equity in a superior state court in Florida to recover certain property from complainants as the property of the corporation, complainants could not maintain a bill in equity on the equity side of the District Court in Massachusetts to restrain, directly or indirectly, the proceedings in the Florida court, although the bankruptcy proceedings were initiated, and the trustees appointed, in that District Court.

> [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–1430; Dec. Dig. § 508.*

> Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. of New York v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Suit by Joseph Hull and others against Arthur E. Burr and others. From a decree dismissing the bill, complainants appeal. Affirmed.

The following is the decree and opinion of Dodge, Circuit Judge, in the trial court:

According to the records of this court in bankruptcy, the defendants are trustees in bankruptcy of the Port Tampa Phosphate Company, adjudged bankrupt by this court on November 27, 1905. The number of the case on the bankruptcy docket is 10,748. From the records it also appears that the defendant Burr was appointed sole trustee of the bankrupt estate December 27, 1905, that he resigned March 12, 1909, and that on the same day he, with the other defendants Simpson and Edwards, were appointed trustees in his place, also that they have ever since continued to be and now are trustees; the estate never having been closed nor the trustees discharged.

The plaintiffs in the present suit allege in their bill that they are defendants in a suit in equity begun March 26, 1908, by Burr, as sole trustee, in the circuit court for Polk county, Fla., and that in that suit Burr, Simpson, and Edwards have asked to be substituted as complainants in place of Burr alone by a supplementary bill filed January 9, 1912. The plaintiffs further allege that they have answered the supplementary bill in the Florida court, and that issues raised by their answer and a replication are pending and undetermined.

The relief which the plaintiffs ask is an injunction against Burr, Simpson, and Edwards, forbidding them to assert or claim, as trustees in bankruptcy,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

206 F.—1

in any court or place, any right, title, or interest in or to any of certain properties which the bill describes. These properties appear from the bill to be lands and machinery in Polk county, Fla., wherein the trustees in the Florida suit referred to assert an interest belonging to the bankrupt estate, but in which the plaintiffs in the present suit claim that no person except themselves has any interest.

The ground asserted in the bill for asking the relief prayed for is that the bankruptcy adjudication and all proceedings under it are void, and the defendants are assuming to act as trustees without right.

There is no want of jurisdiction apparent from the record of the bankruptcy proceedings. The petition filed November 8, 1905, against the Port Tampa Phosphate Company, was signed and sworn to by three persons alleging themselves creditors of that company for amounts aggregating more than $500. It alleged the company to be a Massachusetts corporation engaging principally in mining pursuits, and having had its principal place of business in Boston for the greater part of the preceding six months. It alleged the company's insolvency and the commission by it of an act of bankruptcy in that on or about October 9, 1905, it "suffered and permitted, while insolvent as aforesaid, certain creditors to obtain a preference through legal proceedings by process of attachment, and not having at least five days before a sale or final disposition of its property effected by such preference, vacated or discharged such preference." A subpœna, proper in form, returnable November 20, 1905, duly issued and returned, shows by the return upon it due service on the alleged bankrupt. On the return day an appearance for the company, signed by J. H. Robinson, was entered. It is neither alleged nor suggested that he was not duly qualified so far as the requirements of general order 4 (89 Fed. iv, 32 C. C. A. iv) are concerned, and at any rate schedules were later filed on behalf of the company as required by section 7a (8) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]). See Re Kindt (D. C.) 98 Fed. 867. It is said that the allegation charging an act of bankruptcy was not specific enough. Had this objection been raised at the time, the petition might have been dismissed unless amended. Re Sig. H. Rosenblatt, 193 Fed. 638, 113 C. C. A. 506. Followed as it was, however, by appearance and adjudication without objection, it cannot now be said to disclose any want of jurisdiction for that reason. The parties and subject-matter being thus within the jurisdiction of the court, so far as the record shows, the court's jurisdiction to determine the further questions upon which its power to adjudicate depended cannot be questioned upon the record itself. These questions were whether the alleged bankrupt was insolvent, whether it had committed the act of bankruptcy alleged, and whether the petitioning creditors had provable claims to the requisite amount. Nor is there anything in the record to contradict the presumption that the court rightly determined all such questions when it ordered adjudication. It is alleged that the schedules later filed show the alleged bankrupt's assets to have exceeded its liabilities. But the schedules bind no one but the bankrupt, and do not purport to set forth any estimates of values except the bankrupt's. It is alleged that the claims of two of the petitioning creditors have not been proved or allowed in the proceedings. But from this, if it be the fact, no further result follows than the loss of their right to participate in the proceedings under the adjudication, or in dividends. There is nothing in the record, therefore, which raises such an objection to its jurisdiction in bankruptcy as the court must consider, though suggested by a stranger and not by a party to the proceedings.

The adjudication is void, according to the plaintiff's bill, because procured by fraud. The allegations charging fraud may be summarized as follows:

The Port Tampa Phosphate Company's principal place of business was not in Boston, and it did no business except in Florida.

It was not insolvent.

It never committed the act of bankruptcy alleged, nor any act of bankruptcy.

Rowell, Lougee, and Hamilton, the three petitioning creditors, and Wills, who afterward joined in the petition as a creditor, were four out of the five directors of the company; Rowell being president and Wills treasurer.

They knew the company was solvent, and had committed no act of bankruptcy.

The claims they asserted against it were, to their knowledge, not just debts of the company.

Being the company's officers and directors, they nevertheless promoted the bankruptcy proceedings for the purpose of "pretending to create" a bankruptcy trustee and "procuring" the trustee "to attack" the plaintiff's title to the properties.

The petition was prepared and filed for the purpose and with the intent of deceiving the court, and making it believe (contrary to the fact) that the company had committed an act of bankruptcy.

The jurisdictional facts alleged were "falsely and fraudulently averred" and "fabricated for the purpose of pretending to state a case within the jurisdiction" of the court.

The petitioning creditors and Wills controlled both sides of the litigation through their ownership of a majority of the company's stock.

J. H. Robinson was never authorized to appear for or represent the company.

Though falsely made to appear as an involuntary petition, the petition was in fact voluntary on the part of the company, its officers and directors.

If, as here, no want of jurisdiction over the parties or subject-matter appears from the record and the decree is not void in form, it cannot be collaterally attacked, and can only be assailed by a direct proceeding in a competent court. New Lamp Co. v. Brass, etc., Co., 91 U. S. 656, 662, 23 L. Ed. 336; Graham v. Boston, etc., Co., 118 U. S. 161, 179, 6 Sup. Ct. 1009, 30 L. Ed. 196. The plaintiffs say that this is such a proceeding. Regarded in that light, their bill seems to me defective in the following respects:

In the first place, no right or interest of the plaintiffs appears by it to be so prejudiced by the adjudication as to entitle them to equitable relief. The bankruptcy proceedings and the adjudication concern only the bankrupt and its creditors. It makes no difference to the plaintiffs whether the claim to the Florida properties is asserted by the bankrupt itself or by its trustee or trustees. The plaintiffs allege in their bill that a final decree in the Florida suit will not bar a suit asserting a claim to the properties on behalf of the bankrupt itself. This, however, is a mere conclusion of law, and, of course, not admitted for any purpose by the demurrer. Fogg v. Blair, 139 U. S. 118, 127, 11 Sup. Ct. 476, 35 L. Ed. 104; Kent v. Lake Superior, etc., Co., 144 U. S. 75, 91, 12 Sup. Ct. 650, 36 L. Ed. 352. It is in my opinion an unsound conclusion in view of the facts alleged. Neither the bankrupt nor its creditors have ever questioned the adjudication. They are therefore bound by it, and under it the trustees are in the bankrupt's place so far as any claim which it could assert to these properties is concerned. The plaintiffs, therefore, have only to prove, in the suit pending in Florida, that their interests are, as they allege, exclusive of any other, so that the bankrupt could have had no interest in the properties, and they have finally disposed of the trustees' claim. That it may be for their advantage to escape the necessity of making such proof in the Florida suit I cannot regard as sufficient to establish the claim to equitable relief here. The controversy regarding the Florida properties can presumably be better determined by the Florida court than by this court.

In the next place, the only defendants named in the bill are the bankruptcy trustees. It is not alleged that they were parties to the bankruptcy proceedings, nor that they participated in the fraud whereby the adjudication is said to have been procured. Neither the bankrupt, nor any of its officers charged with participation in the fraud alleged, nor any of its creditors are made defendants. But in an equity suit for relief of this kind the parties to the suit wherein the judgment or decree was entered are indispensable parties. Harwood v. Railroad Co., 17 Wall. 78, 21 L. Ed. 558; Ralston v. Sharon (C. C.) 51 Fed. 702, 712; Johnson v. Hunter (C. C.) 127 Fed. 219–221. I am wholly unable to believe that bankruptcy trustees, charged by the court with the duty of collecting and distributing the assets of their estate, can be called upon by themselves to disprove an alleged fraud not committed by

them in obtaining the adjudication under which they or their predecessor have been acting for several years.

The above grounds I consider quite sufficient to require the sustaining of this demurrer, without discussing any of the other grounds upon which the defendants rely. This court, in equity, would in any case be slow to hold the bankruptcy adjudication invalid and thus disturb rights which have been for so long a time accruing under it while it remained unquestioned. It would be still more reluctant to hold the adjudication void for the purposes of this case, leaving it still in force on the record as regards everybody affected by it and not a party to this proceeding.

Certain irregularities in the appointment of the trustee or trustees are alleged, but these seem to me of no consequence whatever; particularly if, as I think, the adjudication cannot be attacked in this suit.

The demurrer is therefore sustained.

Eldon Bisbee, of New York City (Horatio Bisbee and Bisbee & Bedell, all of Jacksonville, Fla., on the brief), for appellants.

Frank L. Simpson and Arthur E. Burr, both of Boston, Mass. (James F. Glen, of Tampa, Fla., on the brief), for appellees.

Before PUTNAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

PUTNAM, Circuit Judge. The facts in this case are so fully stated in the opinion of the learned judge of the District Court that we do not find it necessary to restate them. We are also entirely satisfied with his conclusions and with his reasoning so far as the same is necessary to the conclusions reached by him. We find, however, a shorter and more simple way of reaching the result than that suggested by the counsel for the respondents below, the appellees here.

It appears that the parties are the same before the District Court in this case as were joined in the judicial proceedings in Florida described in the opinion referred to. The questions raised, or which may be raised, are substantially the same in each case. While the proceedings in bankruptcy occurred in the same district from which the appeal to us was brought, yet the proceedings in the District Court in no manner invoked the powers of the court in bankruptcy, but rested entirely on its general powers as a chancery court, having been instituted by a bill in equity in the proper sense of the word. It also appears that the proceedings in Florida were instituted by a bill in equity in the proper sense of the word, although the parties were reversed. The bill before us does not in form ask that we should restrain the proceedings in the Florida court or the plaintiffs in the case there. Its prayer, however, concludes as follows:

"Inasmuch as your orators are without a practical remedy at law, may it please this honorable court, by its interlocutory decree, to restrain and enjoin the said defendants, and each of them, and each of their attorneys at law and solicitors in chancery, and each and every one of their agents and attorneys, from asserting or claiming as trustees in bankruptcy, in any court or place, any right, title, or interest in or to any of the properties herein described until the further decree of this court; and to make such interlocutory decree final by the final decree of this court."

While this does not in terms name the Florida court, yet a decree in pursuance of the prayer would necessarily restrain the defendants from proceeding in that court with the litigation already pending there. So far as the litigation is concerned, the questions in the Flor-

ida court are or may be exactly the same as we have here, and the Florida court being a chancery court, and a court of superior jurisdiction proceeding in equity, it is for the present purpose of the same dignity and authority as the District Court from which this appeal was taken. Consequently, the District Court, in a case in which it had exercised no special jurisdiction as in bankruptcy, but only its general jurisdiction in equity, is asked to indirectly restrain a state court, also having general jurisdiction in equity, and while proceeding in equity between the same parties in a suit anticipating the suit appealed to us. The result is an attempt on the part of the complainants to obtain an injunction from a United States court to a state court, contrary to the express statute in reference thereto. The authority of the court which first acquired jurisdiction, the parties being substantially the same, must prevail.

Of course, a federal court proceeding in equity has the same right to control litigation at common law in state courts, when equitable rights subsist in preference over rights at common law, which the federal courts have to restrain common-law suits in other federal courts. This is the undergoing rule of Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870, but it does not extend further than there applied. The various phases of this topic are so thoroughly covered by decisions of the Supreme Court that it is not necessary to cite in detail those decisions in reference thereto. We only refer again to Marshall v. Holmes, where, beginning at page 596 and ending at page 601 of 141 U. S., 12 Sup. Ct. 62, 35 L. Ed. 870, the various phases of the topic are sufficiently explained; and the matter also is somewhat enlarged on in Bank v. Stevens, 169 U. S. 432, 462, 18 Sup. Ct. 403, 42 L. Ed. 807, and sequence. We leave this appeal to stand on the rules applied in the two cases cited.

The decree of the District Court is affirmed; and the appellees recover their costs of appeal.